# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | CHAPTER 15 |
| GRANT FOREST PRODUCTS INC., | ) | Case No. 10-11132 |
| Debtor in Foreign Proceeding. | ) | |

| | | |
|---|---|---|
| In re: | ) | CHAPTER 15 |
| GRANT FOREST PRODUCTS SALES INC., | ) | Case No. 10-11133 |
| Debtor in Foreign Proceeding. | ) | |

| | | |
|---|---|---|
| In re: | ) | CHAPTER 15 |
| GRANT ALBERTA INC., | ) | Case No. 10-11134 |
| Debtor in Foreign Proceeding. | ) | |

| | | |
|---|---|---|
| In re: | ) | CHAPTER 15 |
| GRANT U.S. HOLDINGS GP, | ) | Case No. 10-11135 |
| Debtor in Foreign Proceeding. | ) | |

| | | |
|---|---|---|
| In re: | ) | CHAPTER 15 |
| SOUTHEAST PROPERTIES LLC, | ) | Case No. 10-11136 |
| Debtor in Foreign Proceeding. | ) | |

| | | |
|---|---|---|
| In re: | ) | CHAPTER 15 |
| GRANT CLARENDON LP, | ) | Case No. 10-11137 |
| Debtor in Foreign Proceeding. | ) | |
| In re: | ) | CHAPTER 15 |
| GRANT ALLENDALE LP | ) | Case No. 10-11138 |
| Debtor in Foreign Proceeding. | ) | |
| In re: | ) | CHAPTER 15 |
| GRANT U.S. SALES INC. | ) | Case No. 10-11139 |
| Debtor in Foreign Proceeding. | ) | |
| In re: | ) | CHAPTER 15 |
| GRANT NEWCO LLC | ) | Case No. 10-11140 |
| Debtor in Foreign Proceeding. | ) | |
| In re: | ) | CHAPTER 15 |
| GRANT EXCLUDED GP, | ) | Case No. 10-11141 |
| Debtor in Foreign Proceeding. | ) | |

**DEBTORS' MOTION PURSUANT TO
FED R. BANKR. P. 1015(b) FOR ORDER DIRECTING JOINT ADMINISTRATION
OF CASES UNDER CHAPTER 15 OF THE BANKRUPTCY CODE**

Ernst & Young Inc. ("**E&Y**"), as the court-appointed monitor (the "**Monitor**") and authorized foreign representative of Grant Forest Products Inc., Grant Forest Products Sales Inc.,

Grant Alberta Inc., Grant U.S. Holdings GP, Southeast Properties LLC, Grant Clarendon LP, Grant Allendale LP, Grant US Sales Inc., Grant Newco LLC, and Grant Excluded GP (collectively, the "**Debtors**") in a proceeding under Canada's *Companies' Creditors Arrangement Act*, R.S.C. 1985, c. C-36, as amended, before the Ontario Superior Court of Justice (Commercial List), hereby moves (the "**Motion**") the Court for entry of an order, pursuant to section 105(a) of title 11 of the United States Code (as amended, the "**Bankruptcy Code**"), Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and Rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), authorizing and directing the joint administration of the Debtors' related chapter 15 cases for procedural purposes only. In support of this Motion, the Monitor respectfully states as follows:

## JURISDICTION

1. This court has jurisdiction over the Motion under 28 U.S.C. §§ 157 and 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(P). Venue is proper in this Court under 28 U.S.C. § 1410.

2. The statutory bases for the relief requested herein are section 105(a) of the Bankruptcy Code, Bankruptcy Rule 1015(b) and Local Rule 1015-1.

## BACKGROUND

3. On March 31, 2010 (the "**Petition Date**"), the Monitor commenced the Debtors' respective chapter 15 cases by filing petitions for relief under chapter 15 of the Bankruptcy Code and attaching certain required documentation.

4. The events leading up to the Petition Date and the facts and circumstances supporting the relief requested herein are set forth in the *Declaration of Peter Lynch in Support*

*of (I) Monitor's Motion for Entry of an Order Granting Recognition and Relief in aid of Foreign Main Proceeding Pursuant to 11 U.S.C. §§ 1515, 1517, and 1520; (II) Monitor's Motion for Joint Administration; and (III) Monitor's Motion for Ex Parte Emergency Relief and Provisional Relief Pursuant to 11 U.S.C. §§ 105(a), 1519, and 1521* (the "**Lynch Declaration**") and *Declaration of Alexander Morrison in Support of (I) Monitor's Motion for Entry of an Order Granting Recognition and Relief in aid of Foreign Main Proceeding Pursuant to 11 U.S.C. §§ 1515, 1517, and 1520; (II) Monitor's Motion for Joint Administration; and (III) Monitor's Motion for Ex Parte Emergency Relief and Provisional Relief Pursuant to 11 U.S.C. §§ 105(a), 1519, and 1521* (the "**Morrison Declaration**"), and incorporated herein by reference.

## RELIEF REQUESTED

5. By this Motion, the Monitor respectfully requests the entry of an order authorizing and directing the joint administration of the Debtors' chapter 15 cases for procedural purpose only.

6. The Monitor also requests that the caption of the Debtors' chapter 15 cases be modified to reflect the joint administration of these chapter 15 cases substantially as follows:

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | CHAPTER 15 |
| GRANT FOREST PRODUCTS INC., *et al.*,[1] | |
| Debtors in Foreign Proceedings. | Case No. 10-11132 (Jointly Administered) |

---

[1] These jointly administered cases are those of the following debtors: Grant Forest Products Inc., Grant Forest Products Sales Inc., Grant Alberta Inc., Grant U.S. Holdings GP, Southeast Properties LLC, Grant Clarendon LP, Grant Allendale LP, Grant US Sales Inc., Grant Newco LLC, and Grant Excluded GP.

7. In addition, the Monitor requests that the Court authorize and direct that a notation substantially similar to the following notation be entered on the docket for each of the Debtors to reflect the joint administration of these cases:

> An order (the "Joint Administration Order") has been entered in this case directing the joint administration of the chapter 15 cases listed below. The docket in case no. 10-11132 should be consulted for all matters affecting this case. The following chapter 15 cases are jointly administered pursuant to the Joint Administration Order:
>
> Grant Forest Products Inc., No. 10-11132; Grant Forest Products Sales Inc., No. 10-11133; Grant Alberta Inc., No. 10-11134; Grant U.S. Holdings GP, No. 10-11135; Southeast Properties LLC, No. 10-11136; Grant Clarendon LP, No. 10-11137; Grant Allendale LP, No. 10-10-11138; Grant US Sales Inc., No. 10-11139; Grant Newco LLC, No. 10-11140; and Grant Excluded GP, No. 10-11141.

8. Further, the Monitor requests that the court authorize the Debtors to utilize a combined service list for the jointly administered cases and that combined notices be sent to creditors of the Debtors' estates and other parties-in-interest as applicable.

## BASIS FOR RELIEF REQUESTED

9. Bankruptcy Rule 1015(b) provides that, if two or more petitions are pending in the same court by or against a debtor and an affiliate, the court may order the joint administration of the estates of a debtor and its affiliates. *See* Fed. R. Bankr. P. 1015(b).

10. Additionally, Local Rule 1015-1 provides that this Court may order joint administration without notice or a hearing upon the filing of a motion requesting such joint administration and an affidavit or verification establishing that joint administration is warranted.

11. The Lynch Declaration and the Morrison Declaration, filed simultaneously herewith, establish that joint administration of these chapter 15 cases (a) is warranted because the

Debtors' financial affairs and business operations are closely related, (b) will ease the administrative burden on the Court and the parties, and (c) protects creditors of different estates against potential conflicts of interest.

12. The Monitor anticipates that the various notices, applications, motions, other pleadings, hearings, and orders in these cases will affect all of the Debtors. With ten affiliated Debtors, each with its own case docket, the failure to administer these cases jointly would result in numerous duplicative pleadings filed for each issue and served upon separate service lists. Such duplication of substantially identical documents would be extremely wasteful and would unnecessarily burden the Clerk of this Court (the "**Clerk**").

13. Joint administration will permit the Clerk to use a single docket for each of the Debtors' cases and to combine notices to creditors and other parties-in-interest of the Debtors' respective estates. Joint administration all will protect parties-in-interest by ensuring that such parties-in-interest in each of the Debtor' respective chapter 15 cases will be apprized of the various matters before the Court in all of these cases.

14. The Monitor requests that the official caption to be used by all parties in all pleadings in the Debtors' jointly administered cases be in the form set forth above.

15. The Monitor submits that use of the simplified caption, without reference in the caption itself to all ten of the Debtors, will eliminate cumbersome and confusing procedures and ensure a uniformity of pleading identification.

16. The rights of the respective creditors of each of the Debtors will not be adversely affected by joint administration of these cases inasmuch as the relief sought is purely procedural and is in no way intended to affect substantive rights. Each creditor and party in interest will maintain whatever rights it has against the particular estate in which it allegedly has a claim or

right. Indeed, the rights of all creditors will be enhanced by the reduction in costs resulting from joint administration. The Court also will be relieved of the burden of entering duplicative orders and keeping duplicative files. Supervision of the administrative aspects of these chapter 15 cases by the Office of the United States Trustee will also be simplified.

## NOTICE

17.     The Monitor requests that the Court grant this Motion without notice to creditors. The Monitor proposes to notify all creditors of these chapter 15 cases in the method set forth in the Monitor's *Motion for Order (I) Specifying Form and Manner of Service of Notice of Filing of Petitions and Other Pleadings Pursuant to Chapter 15 of the Bankruptcy Code, and (II) Scheduling a Hearing on Chapter 15 Petitions for Recognition and for Approval of the Sale of Certain Assets.* In light of the nature of the relief requested, the Monitor submits and requests that this Court hold, that no further notice is required.

*(Remainder of page left intentionally blank)*

**WHEREFORE**, the Monitor respectfully requests that the Court enter an Order, substantially in the form attached hereto as **Exhibit A**, (a) authorizing the joint administration of the Debtors' chapter 15 cases and (b) granting such other relief as the Court deems just and proper.

Dated: March 31, 2010
Wilmington, Delaware

**ELLIOTT GREENLEAF**

*/s/ Rafael X. Zahralddin-Aravena*

Rafael X. Zahralddin-Aravena (DE Bar No. 4166)
Shelley A. Kinsella (DE Bar No. 4023)
Andrew G. Mirisis (DE Bar No. 5365)
1105 North Market Street, Suite 1700
Wilmington, Delaware 19801
Telephone: (302) 384-9400
Facsimile: (302) 384-9399
Email: rxza@elliottgreenleaf.com
Email: sak@elliottgreenleaf.com
Email: agm@elliottgreenleaf.com

-- and --

Jeffrey W. Kelley
Garrett A. Nail
TROUTMAN SANDERS LLP
Bank of America Plaza
600 Peachtree Street, NE
Suite 5200
Atlanta, GA 30308-2216
Telephone: (404) 885-3000
Facsimile: (404) 885-3900
Email: Jeffrey.Kelley@troutmansanders.com
Email: Garrett.Nail@troutmansanders.com

*Attorneys for Ernst & Young Inc., Monitor and Foreign Representative of the Debtors*