## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | CHAPTER 15 |
| GRANT FOREST PRODUCTS INC., *et al.*,[1] | Case No. 10-11132<br>Joint Administration Pending |
| Debtors in Foreign Proceedings. | **Re: Docket No. 6** |

## ORDER GRANTING RECOGNITION AND RELIEF
## IN AID OF FOREIGN MAIN PROCEEDING
## PURSUANT TO 11 U.S.C. 1515, 1517 AND 1520

Upon the petitions filed under chapter 15 of title 11 of the United States Code (the "**Bankruptcy Code**") and the required documents thereto (the "**Chapter 15 Petitions**") by Ernst & Young Inc. ("**E&Y**"), in its capacity as monitor (the "**Monitor**") and foreign representative of the above-captioned Debtors, the Monitor's *Motion for Entry of an Order Granting Recognition and Relief in Aid of Foreign Main Proceeding Pursuant to 11 U.S.C. §§ 1515, 1517, and 1520* ("**Motion**"); the *Declaration of Peter Lynch in Support of (I) Monitor's Motion for Entry of an Order Granting Recognition and Relief in Aid of Foreign Main Proceeding Pursuant to 11 U.S.C. §§ 1515, 1517, and 1520; (II) Monitor's Motion for Joint Administration; and (III) Monitor's Motion for Ex Parte Emergency Relief and Provisional Relief Pursuant to 11 U.S.C. §§ 105(a), 1519, and 1521* (the "**Lynch Declaration**"); *Declaration of Alexander Morrison in Support of (I) Monitor's Motion for Entry of an Order Granting Recognition and Relief in Aid of Foreign Main Proceeding Pursuant to 11 U.S.C. §§ 1515, 1517, and 1520; (II) Monitor's Motion for Joint Administration; and (III) Monitor's Motion for Ex Parte

---

[1] The proposed jointly administered cases are those of the following debtors: Grant Forest Products Inc., Grant Forest Products Sales Inc., Grant Alberta Inc., Grant U.S. Holdings GP, Southeast Properties LLC, Grant Clarendon LP, Grant Allendale LP, Grant US Sales Inc., Grant Newco LLC, and Grant Excluded GP.

*Emergency Relief and Provisional Relief Pursuant to 11 U.S.C. §§ 105(a), 1519, and 1521* (the "**Morrison Declaration**"), and the *Memorandum of Law in Support of (I) Monitor's Motion for Entry of an Order Granting Recognition and Relief in Aid of Foreign Main Proceeding Pursuant to 11 U.S.C. §§ 1515, 1517, and 1520, (II) Motion for Joint Administration; and (III) Monitor's Motion for Ex Parte Emergency Relief and Provisional Relief Pursuant to 11 U.S.C. §§ 105(a), 1519, and 1521* (the "**Memorandum**") related to a proceeding (the "**CCAA Proceeding**") under Canada's *Companies' Creditors Arrangement Act*, R.S.C. 1985, c. C-36, as amended ("**CCAA**"), before the Ontario Superior Court of Justice (Commercial List) ("**CCAA Court**"), and the Court having considered and reviewed the Chapter 15 Petitions, the Lynch Declaration, the Morrison Declaration, and the Memorandum; and upon the record of the statements made by interested parties; and after due deliberation and sufficient cause appearing, therefor the Court finds and concludes as follows:

    a)    This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334;

    b)    This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P);

    c)    Venue is proper in this District pursuant to 28 U.S.C. § 1410;

    d)    E&Y is duly appointed to act as monitor and foreign representative of the Debtors within the meaning of sections 101(24) and 1517(a)(2) of the Bankruptcy Code;

    e)    These chapter 15 cases were properly commenced in compliance with and pursuant to sections 1504 and 1515 of the Bankruptcy Code;

f) The Chapter 15 Petitions satisfy the requirements of section 1515 of the Bankruptcy Code;

g) The CCAA Proceeding is a foreign proceeding within the meaning of section 101(23) of the Bankruptcy Code and is entitled to recognition as a foreign proceeding by this Court pursuant to sections 1515 and 1517(a) of the Bankruptcy Code;

h) The CCAA Proceeding is entitled to recognition as a foreign main proceeding pursuant to sections 1502(4) and 1517(b)(1) of the Bankruptcy Code because the Debtors have their center of main interests in Canada; and

i) Recognition of the CCAA Proceeding as a foreign main proceeding is necessary and appropriate, in the interests of the public and international comity, consistent with the public policy of the United States, warranted pursuant to sections 1520 and 1521 of the Bankruptcy Code, and will not cause hardship to plaintiffs in litigation against the Debtors, if any, or any other parties-in-interest, that is not outweighed by the benefits of granting the relief set forth herein.

NOW THEREFORE, IT IS HEREBY ORDERED THAT:

1. The CCAA Proceeding is granted recognition pursuant to section 1517(a) of the Bankruptcy Code.

2. The CCAA Proceeding is recognized as a foreign main proceeding pursuant to section 1517(b)(1) of the Bankruptcy Code.

3. The Initial Order and Supplemental Initial Order (each as defined in the Monitor's Motion) are hereby enforced on a final basis and shall be given full force and effect in the United States.

4. All relief afforded a foreign main proceeding pursuant to section 1520 of the Bankruptcy Code is granted without limitation. Specifically, to the extent not inconsistent with the Initial Order and Supplemental Initial Order, the automatic stay of section 362 of the Bankruptcy Code applies with respect to the Debtors, any property of the Debtors that is within the territorial jurisdiction of the United States, and the Debtors' former, current, and future directors and officers provided however, to the extent any party in interest challenges the continuation of the automatic stay with respect to the former, current and future directors and officers of the Debtors, then, after notice and at any hearing thereupon, the burden of proof regarding continuing the automatic stay shall rest with the Debtors and/or those parties advocating the continuation of the automatic stay with respect to the former, current and future directors and officers.

5. Additional relief pursuant to sections 1521(a)(5) and 1521(b) of the Bankruptcy Code, including, but not limited to, entrusting the administration, realization and distribution of the Debtors' assets located within the territorial jurisdiction of the United States to the Monitor, is granted.

6. Pursuant to sections 105(a), 364(c), 1519(a)(3), and 1521(a)(7) of the Bankruptcy Code, the validity of the indebtedness and the priority of the liens authorized by the Initial Order and Supplemental Initial Order, if any, and made enforceable in the United States by this Order shall not be affected by any reversal or modification of this Order on appeal or the entry of an order denying recognition of the CCAA Proceeding pursuant to section 1517 of the Bankruptcy Code.

7. No action taken by the Monitor, the Debtors or each of their successors, agents, representatives, advisors or counsel, in preparing, disseminating,

applying for, implementing or otherwise acting in furtherance of or in connection with the CCAA Proceeding, this Order or these chapter 15 cases or any adversary proceeding herein, or any further proceeding commenced hereunder, shall be deemed to constitute a waiver of the immunity afforded such person under sections 306 and 1510 of the Bankruptcy Code.

8. This Court shall retain jurisdiction with respect to the enforcement, amendment or modification of this Order, any requests for additional relief or any adversary proceeding brought in and through these chapter 15 cases, and any request by an entity for relief from the provisions of this Order, for cause shown, that is properly commenced and within the jurisdiction of this Court.

Dated: April 26, 2010
Wilmington, Delaware

THE HONORABLE PETER J. WALSH
UNITED STATES BANKRUPTCY JUDGE